RECEIVED
NOV - 8 2005
ROBERT H.
WESTERN DIS
LAFAYETTE,

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| WALTER FOREMAN | CIVIL ACTION NO. 03-1430 |
| VS. | JUDGE HAIK |
| JO ANNE BARNHART, Commissioner<br>Social Security Administration | MAGISTRATE JUDGE METHVIN |

### RULING ON MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT
*(Rec. Doc. 12)*

Before the court is the Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA") filed by social security claimant, Walter V. Foreman ("Foreman"), on June 26, 2002.[1] The motion is opposed by the Commissioner.

Foreman seeks a total of $2,012.50 in attorney's fees (16.10 hours at the rate of $125.00 per hour). In support of this request, Foreman's counsel, Stephen M. Morrow, submitted a petition describing the services performed on behalf of his client and the time billed in connection with each task.

The Commissioner opposes the motion on grounds that it is untimely filed. Specifically, the Commissioner contends that the motion was not filed within thirty days of final judgment. The undersigned agrees.

Pursuant to 28 U.S.C. §2412(d)(1)(B),

> A party seeking an award of fees and other expenses shall, *within thirty days of final judgment in the action*, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection . . .

---

[1] Rec. Doc. 12 and 14 (duplicate).

28 U.S.C. §2412(d)(1)(B) (emphasis added).

In a case in which the United States or its officer is a party, a notice of appeal may be filed within 60 days after the judgment is entered. F.R.A.P. 4(a)(1)(B). Thus, an award of attorney fees against the United States under the EAJA is not proper until the underlying judgment is final and not appealable, that is, until sixty days after entry of the judgment. See 28 U.S.C. § 2412(d)(2)(G); 28 U.S.C. § 2107; Melkonyan v. Sullivan, 501 U.S. 89, 96, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991) ("The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' [of a district court] has expired."); Jackson v. Chater, 99 F.3d 1086, 1095 n.4 (11th Cir.1996) ("According to the EAJA, the application must be filed within thirty days of the time the judgment is final and no longer appealable).

In the instant matter, the Court issued a final judgment reversing the Commissioner's decision on August 20, 2004.[2] The judgment became final sixty days later, on October 20, 2004. To be timely, the application for attorney fees must have been filed within thirty days of October 20, 2004, that is, on or before November 19, 2004. Foreman's application was filed on October 12, 2005, more than one year after the judgment became final, and is, therefore, untimely.

### *Conclusion*

Accordingly, **IT IS THEREFORE ORDERED** that the motion for attorney fees is

---

[2] See Rec. Doc. 11.

**DENIED AS UNTIMELY.**

Signed at Lafayette, Louisiana on ___November 8___, 2005.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)